UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD JOHNSON,

        Petitioner,

                                               Case No. 1:09-CV-1173

v.

                                               HON. ROBERT HOLMES BELL

CARMEN PALMER,

        Respondent.
                                  /

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION AND
## <u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

On February 17, 2010, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Howard Johnson's § 2254 petition for writ of habeas corpus be dismissed because it is barred by the one-year statute of limitations. (Dkt. No. 4.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 5.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner's objections are based upon his contention that he is entitled to equitable tolling. Petitioner asserts that at the time of his conviction in 1981 he was unable to read or spell and was unable to afford counsel. He further asserts that it took him until 2000 to obtain his G.E.D., that it took him another five years to understand that he could file a motion for relief from judgment in the state court, and that it took him another year to file that motion.

In deciding whether equitable tolling should apply, the Sixth Circuit considers the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009) (quoting *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005)).

Petitioner requests equitable tolling based on his illiteracy, lack of legal knowledge, and his pro se status. "[A]n inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). This is so, even if the petitioner is proceeding without the benefit of counsel. *Id.*; *see also Harvey v. Jones*, 179 F. App'x 294, 299 (6th Cir. 2006) (holding that neither ignorance of the law, unfamiliarity with the legal process, nor lack of education was sufficient to warrant equitable tolling); *Yang v. Archuleta*, 525 F.3d 925, 929

(10th Cir. 2008) (holding that a lack of proficiency in the English language did not warrant equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law "due to illiteracy or any other reason" does not merit equitable tolling).

Petitioner has not met his burden of showing that he is entitled to equitable tolling. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 5) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the February 17, 2010 R&R (Dkt. No. 4) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: September 17, 2010                /s/ Robert Holmes Bell
                                                                 ROBERT HOLMES BELL
                                                                 UNITED STATES DISTRICT JUDGE